IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                         _____

                             No. 99-30700
                           Summary Calendar
                         _____


UNITED STATES OF AMERICA,

                                           Plaintiff-Appellee,

versus

TRAMELL REYMOND ARCENEAUX,
also known as Pramell Arceneaux,
also known as T,

                                           Defendant-Appellant.

                         --------------------
               Appeal from the United States District Court
                   for the Western District of Louisiana
                         USDC No. 98-CR-60009-1
                         --------------------
                          September 8, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Tramell Reymond Arceneaux was convicted by a jury of

conspiracy to distribute crack and powder cocaine and

distribution of crack and powder cocaine in violation of 18

U.S.C. §§ 841(a)(1) & 846.  He challenges the district court's

denial of his motion for a mistrial stemming from a Government

witness's reference to his "rap sheet" during the trial.  He

challenges the sufficiency of the evidence to find him guilty on

the conspiracy and distribution charges.  He also challenges the

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's application of a two-level increase to his base offense level pursuant to U.S.S.G. § 3B1.1(c) for his leadership role in the offense.

The district court did not abuse its discretion in denying the motion for mistrial. The court allowed the Government to elicit testimony that made clear to the jury that the information referred to as a "rap sheet" was not necessarily criminal in nature. Further, the court instructed the jury immediately following the testimony and prior to deliberations that it was to disregard any negative inference associated with the term and to give the term no weight in its deliberations. The rehabilitative testimony and the court's instructions, which the jurors are presumed to have followed, effectively cured any taint created by the reference to a "rap sheet". See United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998).

A reasonable jury could have inferred from the evidence that Arceneaux agreed with others to distribute crack and powder cocaine, that he knew of the conspiracy and intended to join it, and that he participated in the conspiracy, and was thus guilty beyond a reasonable doubt of conspiracy to distribute crack and powder cocaine. See United States v. Puig-Infante, 19 F.3d 929, 936 (5th Cir. 1994); United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). A reasonable jury also could have inferred from the evidence that Arceneaux knowingly distributed crack and powder cocaine. See United States v. Gordon, 876 F.2d 1121, 1125 (5th Cir. 1989; Ortega Reyna, 148 F.3d at 543-44.

The district court's finding that Arceneaux played a leadership role in the conspiracy is plausible in light of the record as a whole, and thus its application of the two-level increase pursuant to § 3B1.1(c) is not clearly erroneous.  See United States v. Lowder, 148 F.3d 548, 553 (5th Cir. 1998).

AFFIRMED.